# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LEONARD EUGENE HADLEY, ) | No. ED CV 09-1423-DSF (PLA) |
| Petitioner, ) | |
| v. ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| JAMES YATES, Warden, et al., ) | |
| Respondents. ) | |

On July 29, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 2003 conviction and sentence in the San Bernardino County Superior Court. (See Petition at 2, 5-6).

Petitioner filed a prior habeas petition in this Court on February 14, 2006, in Case No. ED CV 06-170-DSF (PLA), in which he challenged the same 2003 conviction and sentence that he

/
/
/
/
/
/

challenges herein.[1] The Court dismissed the earlier petition pursuant to the Judgment entered on June 22, 2006, on the ground that the action was time-barred under 28 U.S.C. § 2244(d).[2]

A petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner raised four claims in his 2006 federal petition: (1) he was forced to accept an illegal plea agreement in violation of his due process and equal protection rights; (2) his trial counsel provided ineffective assistance by failing to question the victim regarding her age and by denying petitioner discovery; (3) his trial counsel provided ineffective assistance by "forc[ing] petitioner into an illegal plea and sentence in violation of state and federal laws"; and (4) his equal protection and due process rights were violated because the police fabricated the victim's statement and related police reports. (See May 19, 2006, Report and Recommendation for Case No. ED CV 06-170-DSF (PLA) at 3).
    The instant Petition sets forth the following claims: (1) petitioner's guilty plea was the result of ineffective assistance of counsel; (2) prosecutorial misconduct; (3) petitioner's conviction was the result of entrapment; (4) ineffective assistance of counsel for failing to defend against the charges; (5) due process violated because petitioner was forced into an illegal plea agreement and was denied his right to a trial. (Petition at 5-6).

[2] Following entry of the Judgment, petitioner did not file a request for a certificate of appealability.

A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (district court's dismissal of claim as premature is not an adjudication on the merits). While it does not appear that the Ninth Circuit has yet held that a habeas petition dismissed on statute of limitations grounds is a dismissal "on the merits" for AEDPA purposes, case law of the Supreme Court supports a determination that such a dismissal should be treated as an adjudication on the merits. For example, the Supreme Court has stated that "[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). This Court further observes that courts in other jurisdictions, such as the Second Circuit Court of Appeals, as well as numerous district courts, have determined that if a first petition was dismissed as untimely, the subsequent petition is deemed "successive" under the AEDPA. See, e.g., Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (habeas petition dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (same); Cate v. Ayers, 2001 WL 1729214, at *4 (E.D. Cal. Dec. 28, 2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and concluding that petition was successive because previous petition was dismissed as untimely).

In light of the foregoing, the Court concludes that because the dismissal of petitioner's earlier petition was based on statute of limitations grounds, the dismissal was an adjudication on

the merits.  Moreover, the instant Petition raises claims involving ineffective assistance of counsel, prosecutorial misconduct, and due process violations, that relate to issues that arose during petitioner's trial.  There is no apparent reason why the instant claims could not have been included in petitioner's earlier 2006 federal petition.  Accordingly, the instant Petition is considered to be successive.

There is no indication in the record that petitioner obtained permission from the Ninth Circuit Court of Appeals to file a successive habeas application.  See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  The Court is therefore without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").[3]

For the foregoing reasons, the Court determines that the instant Petition must be **dismissed without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the Petition.

DATED: 8/10/09

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[3]  To the extent that petitioner contends he falls within one of the exceptions to dismissal of successive habeas petitions (see 28 U.S.C. § 2244(b)(2)), he must first present any such claim to the Ninth Circuit rather than to this Court.  28 U.S.C. § 2244(b)(3)(A).  Until the Ninth Circuit issues an order granting permission to file, any successive petition filed in this Court must be dismissed.  See, e.g., Reyes, 276 F.Supp.2d at 1029-30 (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Court of Appeals).